## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

JASON CANTER,
      Plaintiff,

v.

STATE OF TENNESSEE,
      Defendants.

Docket No._____
JURY DEMAND

---

## COMPLAINT

---

Plaintiff, Jason Canter, by and through counsel, brings this action seeking monetary damages against Defendant for violations of Plaintiff's civil rights guaranteed by the United States Constitution and Tennessee law, false arrest and incarceration, and malicious prosecution. In support of this Complaint, Plaintiff states as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3)-(4) because the controversy arises under the U.S. Constitution and 42 U.S.C. §1983.

2.     This Court also has supplemental jurisdiction over claims asserted against Defendants under Tennessee State law pursuant to 28 U.S.C. §1367.

3.     Venue is proper in the Eastern District of Tennessee under 28 U.S.C. §1391(b)(2) because a substantial portion of the events giving rise to this action occurred within this District.

4.     Plaintiff brings this lawsuit to redress Defendant's violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution and his civil rights pursuant to 42 U.S.C. §1983, as well as violations of state law.

5.     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to Plaintiff by the

1

Constitution and laws of the United States. Plaintiff brings this action pursuant to 42 U.S.C. §§1983 and 1988.

6. Plaintiff also seeks monetary damages (special, compensatory, and punitive) against Defendant, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## PARTIES

7. Plaintiff Jason Canter is a citizen of the United States and at all times relevant herein was a resident of Union County, Tennessee.

8. Defendant State of Tennessee is the governmental entity which governs and is liable for any malfeasance of the Tennessee Highway Patrol.

## FACTS

9. On or about April 22, 2024, Plaintiff was operating a motor vehicle in Union County, Tennessee.

10. Tennessee Highway Patrol Officer Jacob Clabough was monitoring traffic on April 22, 2024, in Union County, Tennessee in his official capacity as a Tennessee State Trooper.

11. Officer Clabough activated his blue lights and required the Plaintiff to pull over.

12. Plaintiff immediately complied with the traffic stop and pulled over.

13. Officer Clabough stated to Plaintiff that the basis of the traffic stop was minor violations including that Plaintiff had allegedly been speeding.

14. Officer Clabough then instructed Plaintiff to exit the vehicle and subjected Plaintiff to field sobriety tests.

15. Officer Clabough administered field sobriety tests to Plaintiff based only on his suspicion that Plaintiff was driving under the influence of an intoxicant.

2

16.     Plaintiff asserts that he successfully performed each field sobriety test conducted by Officer Clabough.

17.     Unsatisfied with Plaintiff's successful performance of the sobriety tests, Officer Clabough placed Plaintiff under arrest on charges of Driving Under the Influence in violation of *Tennessee Code Annotated* §55-10-401.

18.     Plaintiff inquired how Officer Clabough concluded Plaintiff was driving under the influence to which Officer Clabough responded that Plaintiff had performed "poorly" on the field sobriety tests and Plaintiff's eyes were "dilated".

19.     Plaintiff was not given a breathalyzer test at the time of the traffic stop.

20.     Officer Clabough transported to Plaintiff for a toxicology blood test.

21.     Plaintiff affirmatively states that at the time of his arrest, Plaintiff had neither committed a crime nor exhibited any behavior which would have given an ordinary person reasonable cause to suspect that he was intoxicated.

22.     Defendant acknowledged that the sole purpose of the stop was based upon minor traffic violations.

23.     Plaintiff affirmatively asserts the field sobriety tests conducted of Plaintiff were an unreasonable and unlawful extension of the traffic stop without a proper basis.

24.     No reasonable person, much less a law enforcement officer, would have believed or suspected that Plaintiff was driving under the influence.

25.     Plaintiff was arrested, booked into the local jail, and charged with driving under the influence.

26.     Plaintiff submitted to a blood toxicology test.

27.     Plaintiff affirmatively states that his blood test was negative for all tested illegal substances.

3

28.     Plaintiff was incarcerated for more than 12-hours.

29.     Plaintiff avers that Defendant had no valid legal basis to extend the traffic stop.

30.     Defendants had no valid legal basis to cause Plaintiff to perform field sobriety tests.

31.     Defendants had no valid legal basis to arrest Plaintiff.

## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. §1983

All of the relevant acts of Defendant, their agents, servants, and employees, were carried out under the color of state law and in their official capacity as agents of the State of Tennessee.

These acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fifth Amendments to the Constitution and in violation of 42 U.S.C. §1983.

## FIRST COUNT
### Unlawful Seizure -Arrest Without Probable Cause

32.     Plaintiff realleges and incorporates by reference the allegations set forth above.

33.     The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend IV.

34.     A Fourth Amendment violation occurs where: (1) a person is seized; and (2) the seizure is unreasonable.

35.     A seizure occurs where there is a physical force or a show of authority that in some way restrains the liberty of the person, and (as to a show of authority) that the person submits to the officers' show of authority.

4

36.     A person has been seized within the meaning of the Fourth Amendment if, in view of the all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.

37.     Once a seizure occurs, the seizure must be reasonable.

38.     An arrest is "unreasonable" where it is not based on probable cause to believe that the individual has committed or intends to commit a crime.

39.     Pursuant to *Tennessee Code Annotated* §55-9-107, once Officer Methvin declined to issue a traffic citation for Plaintiff's alleged speeding violation(s), then Plaintiff should have been free to leave because minor traffic violations are not arrestable offenses under Tennessee law.

40.     Officer Clabough violated Plaintiff's rights by unlawfully detaining Plaintiff and by requiring Plaintiff to exit his vehicle to perform field sobriety tests without reasonable suspicion or probable cause to believe that Plaintiff operating his vehicle under the influence.

41.     The seizure of Plaintiff for allegedly driving under the influence was unreasonable because Officer Clabough lacked probable cause.

42.     The illegal seizure of Plaintiff's person and vehicle by Defendant was done in such a manner that no reasonable person would have thought that they were free to leave.

43.     The illegal seizure of Plaintiff's vehicle and person without probable cause was a deprivation of his civil rights to be free from unlawful seizures under the Fourth and Fourteenth Amendments, enforceable through 42 U.S.C. §1983.

44.     Defendant, by and through its agent/employee, acted intentionally, maliciously, or with callous disregard for Plaintiff's rights.

45.     As a direct and proximate result of the acts and omissions of Defendant, Plaintiff suffered a violation of his constitutional rights, a reduced earning capacity at his place of

5

employment due to the driving restrictions imposed upon him as a result of the criminal charges, mental distress, shame, humiliation, embarrassment, and was therefore damaged in an amount to be determined by a jury.

46.     Plaintiff further avers that as a direct and proximate cause of Defendant's actions, Plaintiff's wife believing that Plaintiff had relapsed, filed for and obtained a divorce from Plaintiff.

## SECOND COUNT
## False Arrest and Illegal Search

47.     Plaintiff realleges and incorporates by reference the allegations set forth above.

48.     To establish a state-law claim for false arrest and imprisonment, a plaintiff must prove: (1) a detention or restraint against the plaintiff's will; and (2) the unlawfulness of such detention or restraint.

49.     False imprisonment requires that a defendant must have acted without probable cause.

50.     For substantially the same reasons stated above as to the preceding Fourth Amendment claim, the Defendant falsely arrested and falsely imprisoned Plaintiff.

51.     The primary duty of a State Trooper is to enforce Tennessee's traffic laws.

52.     As previously discussed, Plaintiff should have only received a citation if Defendant observed Plaintiff committing a moving infraction such as speeding.

53.     Officer Clabough violated the Plaintiff's rights by placing him under arrest without probable cause on his belief that Plaintiff was driving under the influence.

54.     The purpose of Officer Clabough's initial stop was for a lawful purpose for Plaintiff's alleged moving traffic violations, speeding.

6

55. Officer Clabough administered field sobriety tests on a hunch that Plaintiff was driving under the influence based upon the condition of Plaintiff's eyes.

56. Officer Clabough subsequently placing Plaintiff under arrest was not for any lawful purpose as evidenced by Plaintiff successfully completing multiple field sobriety tests.

57. These actions were a physical restraint, a show of authority, and a show of force.

58. There were no exigent circumstances justifying the arrest of the Plaintiff.

59. The false arrest of Plaintiff was a deprivation of his civil rights to be free from arrest without necessary probable cause under the Fourth Amendment.

60. Based upon the arrest made without sufficient probable cause, Officer Clabough undertook a warrantless search for Plaintiff's person.

61. The illegal search of Plaintiff's person was a deprivation of his civil rights to be free from unlawful searches under the Fourth Amendment.

62. A reasonably well-trained officer would know that there were no specific or articulable facts to justify searching Plaintiff's person.

63. A reasonable person in Plaintiff's position would not have felt free to leave.

64. With respect to this show of authority, Plaintiff submitted without protest.

65. The seizure was made without probable cause and without legal process.

66. Plaintiff was transported to the local hospital following his unlawful arrest to provide a blood sample under Officer Clabough's control and authority.

67. The collection and analysis of a blood sample is a "search" within the meaning of the Fourth Amendment. See Skinner v. Ry. Labor Execs. Ass'n, 489 U.S. 602, 618 (1989).

68. A search is unlawful if it is made without probable cause.

69. As a result of these actions, Plaintiff suffered damages as identified above.

70. Defendant was the cause in fact and proximate cause of Plaintiff's damages.

7

71.     Defendant, by and through its agent/employee, acted intentionally, maliciously, or with callous disregard for Plaintiff's rights.

### THIRD COUNT
### State Law Claims of Assault and Battery

72.     Plaintiff realleges and incorporates by reference the allegations set forth above.

73.     To establish a state law claim for assault and battery, Plaintiff must prove that Defendant (1) intentionally or knowingly causing Plaintiff to reasonably fear imminent bodily injury and (2) offensive touching.

74.     Officer Clabough administered field sobriety tests based solely upon the condition of Plaintiff's eyes.

75.     Officer Clabough subsequently placing Plaintiff under arrest was not for any lawful purpose as evidenced by Plaintiff successfully completing multiple field sobriety tests.

76.     These actions were a physical restraint, a show of authority, and a show of force.

77.     There were no exigent circumstances justifying the arrest of the Plaintiff.

78.     As a direct and proximate result of the acts and omissions of Defendant, by and through its agent/employee, Plaintiff suffered a genuine apprehension of fear of being sent to jail without probable cause, a violation of his constitutional rights, a reduced earning capacity due to the restrictions on his license, was divorced by his spouse based upon the allegations by Defendant that Plaintiff was intoxicated, mental distress, shame, humiliation, and embarrassment, and was therefore damaged in an amount to be determined by a jury.

8

## FOURTH COUNT
## State Law Claims of False Imprisonment

79.     Plaintiff realleges and incorporates by reference the allegations set forth above.

80.     Officer Clabough falsely imprisoned Plaintiff and violated his rights by seizing his person and depriving him of his liberty without probable cause to believe that he had committed a crime.

81.      The false imprisonment was a deprivation of Plaintiff's liberty without the requisite due process of law as defined under the Fourteenth Amendment and in violation of Tennessee State law.

82.     As a direct and proximate result of the acts and omissions of Defendant, by and through its agent/employee, Plaintiff suffered a seizure of his person, a violation of his constitutional rights, mental distress, shame, humiliation, reduced earning capacity, divorce from his spouse, and embarrassment, and was therefore damaged in an amount to be determined by a jury.

## FIFTH COUNT
## Monell Claim

83.     Plaintiff realleges and incorporates by reference the allegations set forth above.

84.     On information and belief, the Tennessee Highway Patrol in Union County, Tennessee area has a custom and culture of violating the constitutional rights of others.

85.     Though not a written policy, this custom was so widespread as to have the force of law.

86.      The Tennessee Highway Patrol in Union County area has a history of wrongfully tolerating, condoning, and encouraging constitutional violations.

87.     As a result, it has become the custom and culture of the Tennessee Highway Patrol in Union County area to protect its officers when officers are known to have violated the constitutional rights of others.

88.     The Tennessee Highway Patrol in Union County fails to properly train, supervise, investigate, and discipline its deputies and officers when violations of the constitutional rights of the citizens traveling in or around Union County, Tennessee occur.

89.     Upon information and belief, the Tennessee Highway Patrol in Union County, Tennessee, has acted with deliberate indifference to a pattern of past occurrences of constitutional violations of citizens such that its officers and deputies feel empowered to violate the constitutional rights of its targets with impunity.

90.     The Tennessee Highway Patrol failed to properly train its officers about the grounds for investigating the offense of Driving Under the Influence and the proper means for evaluating whether a citizen is driving while under the influence of a drug or intoxicant.

## DAMAGES

91.     Plaintiff realleges and incorporates by reference the allegations set forth above.

92.     Defendant is liable to the Plaintiff for all wrongful acts which harmed and caused damage to her.

93.     Defendant is liable to the Plaintiff for damages for all violations of his civil rights under the Constitution of the United States as defined by 42 U.S.C. §1983.

94.     Based on the facts and circumstances described in this Complaint, and as a direct result of said acts and omissions of the Defendant, Plaintiff has suffered damage to reputation; past pain and suffering; past, present, and future emotional distress; medical expenses, legal expenses and other financial losses.

10

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jason Canter requests a trial by a JURY and that a judgment been entered against Defendant, jointly and severally, as follows:

1.     Compensatory damages of at least One Million Dollars ($1,000,000.00) or such other amount supported by the evidence at trial;

2.     Punitive damages in an amount to sufficiently deter Defendant from engaging in future behavior as described in this Complaint but in no less than Two Hundred Thousand Dollars ($200,000.00).

3.     Attorneys' fees and costs of suit as provided by 42 U.S.C. §1988;

4.     Court costs;

5.     Pre- and post-judgment interest at the legal rate; and

6.     Any and all other and further relief as the Court deems appropriate.

Respectfully submitted,
JASON CANTER, Plaintiff
by his attorneys,

CantCHANCEY-KANAVOS

BY:    /s/ H. Franklin Chancey
       H. FRANKLIN CHANCEY, BPR #013187
       P.O. Box 42
       Cleveland, TN 37364
       (423) 479-9186
       franklin@cklplaw.com

11