UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JASON CANTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:25-CV-166-KAC-JEM |
| | ) |
| STATE OF TENNESSEE, et al.; | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER DISMISSING ACTION**

This action is before the Court on (1) the "Motion to Dismiss" filed by Defendants State of Tennessee, Tennessee Department of Safety and Homeland Security (TDOS), and Jacob Clabough in his official capacity [Doc. 25]; and (2) the "Motion to Dismiss Second Amendment Complaint" filed by Defendant Clabough in his individual capacity [Doc. 32]. As set forth below, the Court grants the Motions [Docs. 25, 32].

**I.     Background**

Taking the allegations in the Second Amended Complaint as true, on April 22, 2024, Defendant Clabough, a Tennessee Highway Patrol (THP) Officer, stopped Plaintiff Jason Canter for speeding [*See* Doc. 19 ¶¶ 12-16]. Officer Clabough suspected that Plaintiff was under the influence, so he required Plaintiff to perform field sobriety tests [*See id.* ¶¶ 17, 18]. Plaintiff successfully completed each test, but Officer Clabough arrested him anyway [*See id.* ¶¶ 19-21]. Plaintiff was booked at the local jail where he passed a blood toxicology test [*Id.* ¶¶ 28-30]. He was "incarcerated for more than 12-hours" before his release [*Id.* ¶ 31].

On April 21, 2025, Plaintiff filed his initial Complaint [Doc. 1]. He raised federal claims under 42 U.S.C. § 1983 and state claims arising out of the arrest [*See* Doc. 1 at 4-10]. The

Complaint identified Officer Clabough by name approximately twenty-one (21) times and stated that he was responsible for the allegedly unlawful actions [*See, e.g., id.* at 2-4]. However, the Complaint identified only the "State of Tennessee" as a defendant [*See id.* at 2]. Despite three anomalous references to "Defendants," the Complaint referenced a single defendant in the introduction, portion identifying the Parties, substantive counts, damages request, and prayer for relief [*See generally* Doc. 1].

That one Defendant, the State of Tennessee, moved to dismiss based on sovereign immunity [Doc. 10]. On June 20, 2025, Plaintiff filed a "Second[1] Amended Complaint" [Doc. 19]. It purported to add TDOS and Officer Clabough, in his individual and official capacity[2], as defendants [*Id.*]. And it raised federal and state claims against the Defendants arising out of the arrest [*See id.*]. Plaintiff seeks monetary damages against each Defendant [Doc. 19 at 11].

Tennessee, TDOS, and Officer Clabough in his official capacity ("State Defendants") filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the claims against them are barred by sovereign immunity [*See generally* Doc. 25]. In response, "Plaintiff concedes that, absent consent, the State of Tennessee and the Tennessee Department of Safety and Homeland Security as an arm of the State, are not subject to suit under 42 U.S.C. § 1983" [Doc. 30 at 1]. But Plaintiff maintains that the State Defendants can each still be liable vicariously through Officer Clabough, under a *Monell* theory, and under state law [*See id.* at 5-7].

---

[1] Plaintiff had previously attached an "Amended Complaint" to a motion to amend [Doc. 17-1], which the Court denied as moot [*See* Doc. 24].

[2] The caption of the Second Amended Complaint lists Officer Clabough as a defendant in his individual and official capacities [Doc. 19 at 1]. But the allegations in the filing state that Officer Clabough "is sued in his individual capacity" [*See id.* ¶ 10]. Defendants have proceeded on the theory that Plaintiff has sued Officer Clabough in both capacities [*See* Doc. 25 at 1]. Because the result is the same either way, the Court does so here too.

Officer Clabough in his individual capacity filed a motion to dismiss under Rule 12(b)(6), arguing that the claims against him in his individual capacity are time-barred [Doc. 32]. He argues that as applied, Section 1983 has a one-year statute of limitations that ran on April 22, 2025 and that Plaintiff's individual-capacity claims against him in the Second Amended Complaint do not relate back to the Complaint under Rule 15 [*See* Doc. 33 at 5]. Plaintiff responded, conceding that he filed these claims after the statute of limitations expired [*See* Doc. 36 at 1]. But he argues that the individual-capacity claims against Officer Clabough relate back [*Id.*].

## II.   Analysis

Under Rule 12(b)(1), the Court dismisses a claim if the Court lacks subject matter jurisdiction to hear it. The State Defendants raise a facial attack on the Court's jurisdiction [*See* Doc. 26]. *See also Am. Reliable Ins. Co. v. United States,* 106 F.4th 498, 504 (6th Cir. 2024) (citation omitted). The Court accepts the facts in the operative complaint as true and construes them "in the light most favorable to the nonmoving party." *Id*. Then, the Court assesses whether the facts "assert[] a 'plausible claim'" of jurisdiction. *See Assoc. of Am. Physicians & Surgeons v. U.S. Food and Drug Admin*. 13 F.4th 531, 544 (6th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The party invoking the Court's jurisdiction, here Plaintiff, bears the burden of establishing it. *See Parrotta v. Island Resort and Casino*, 155 F.4th 879, 880 (6th Cir. 2025).

To survive a motion to dismiss under Rule 12(b)(6), the operative complaint must plead "enough facts to state a claim to relief that is plausible on its face." *See Phillips v. DeWine*, 841 F.3d 405, 414 (6th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A Rule 12(b)(6) motion is "generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations," but when "the allegations in the complaint affirmatively show that the claim is time-barred," it is appropriate to dismiss a claim under Rule 12(b)(6). *See Cataldo v. U.S. Steel*

3

*Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *see also Coleman v. Hamilton Cnty. Bd. Of Cnty. Comm'rs*, 130 F.4th 593, 607 (6th Cir. 2025).

### A. The Court Lacks Jurisdiction Over Plaintiff's Federal Claims Against The State Defendants.

The Eleventh Amendment "deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). This sovereign immunity extends to "actions against state officers in their official capacities," *see Jones v. Hamilton Cnty. Sheriff*, 838 F.3d 782, 784 (6th Cir. 2016) (quotation omitted), and to state agencies, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 allows a party to sue a state official or municipality, but it does not abrogate otherwise applicable sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

Here, Plaintiff concedes that Tennessee and TDOS are "arm[s] of the state," and "are not subject to suit under 42 U.S.C. § 1983" [Doc. 30 at 1]. Likewise, Tenneessee's sovereign immunity bars Plaintiff's claim against Officer Clabough in his official capacity. *See Jones*, 838 F.3d at 784. And Tennessee and TDOS cannot be vicariously liable through Officer Clabough because "a claim under § 1983 does not permit vicarious liability." *See Dibrell v. City of Knoxville, Tenn.*, 984 F.3d 1156, 1163 (6th Cir. 2021).

Although Plaintiff rightfully concedes that TDOS is not subject to suit under Section 1983, [*see* Doc. 30 at 1], he argues that THP "partners with local law enforcement to ensure road safety" and the Court should "defer determining standing until a full factual record has been developed" to determine "if [THP] is an arm of the state" [*See* Doc. 30 at 6]. But the Second Amended Complaint must establish that this Court has jurisdiction over the claims raised therein. *See Parrotta*, 155 F.4th at 880. It contains no allegations that would permit the Court to infer that

4

TDOS was acting as a local law enforcement agency when Officer Clabough arrested Plaintiff [*See* Doc. 19]. *See also Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 760 (6th Cir. 2010) (identifying factors to determine if a public body is immune from suit). And to the extent Plaintiff's gripe is with THP specifically, [*see* Doc. 30 at 7 (stating that "Defendant Tennessee Highway Patrol is responsible . . .")], THP is not a party in this action, [*see* Doc. 19 ¶¶ 7-11]. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's federal claims against the State Defendants and therefore dismisses them without prejudice. *See Russell*, 784 F.3d at 1046; *see also Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) ("dismissals for lack of jurisdiction should generally be made without prejudice").

### B. Plaintiff's Section 1983 Claims Against Defendant Clabough In His Individual Capacity Do Not Relate Back And Are Time-Barred.

Because Plaintiff concedes that he did not file his Section 1983 individual-capacity claims against Defendant Clabough within the applicable one-year statute of limitations, [*see* Doc. 36 at 1], the only dispute is whether Plaintiff's Section 1983 individual-capacity claims in the Second Amended Complaint relates back to his Complaint under Rule 15, [*compare* Doc. 33 at 3-4, *with* Doc. 36 at 1]. Under Rule 15(c)(1)(C), "an amendment that ***changes a defendant*** but arises out of the same conduct as the original complaint" relates back only if "the new defendant '(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, ***but for a mistake concerning the proper party's identity***.'" *Zakora v. Chrisman,* 44 F.4th 452, 480 (6th Cir. 2022) (quoting Fed. R. Civ. P. 15(c)(1)(C)) (emphasis added). In contrast, "[a]n amendment which ***adds a new party*** creates a new cause of action and there is no relation back to the original filing for the purposes of limitations." *Id.* (quotation omitted).

5

Case 3:25-cv-00166-KAC-JEM     Document 42     Filed 12/22/25     Page 5 of 8     PageID #: 156

Here, Plaintiff did not name Officer Clabough in his individual capacity as a defendant in the Complaint. In fact, he did not name him as a defendant at all. But the Complaint makes clear that Officer Clabough and his purportedly unlawful actions were known to Plaintiff [*See* Doc. 1 at 2-4]. The failure of counsel to file an individual-capacity claim against a known and identified state actor who allegedly took unlawful actions is not a "mistake concerning the proper party's identity." *See* Fed. R. Civ. P. 15(c)(1)(C). If anything, it is a strategic or legal misstep, which Plaintiff now seeks to undo. *See Lovelace v. O'Hara*, 985 F.2d 847, 850-51 (6th Cir. 1993); *see also Krupski v. Costa Croviere S.p.A.*, 560 U.S. 538, 552 (2010) (distinguishing *Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000) because there, evidence that a party sought to add a defendant "only after learning that the company would not be able to satisfy the judgment" "countered any implication" that the party "had originally failed to name" the defendant "because of any 'mistake, concerning the proper party's identity, and instead suggests that" the party decided to name the defendant "only after the fact to ensure" recovery (cleaned up)). And Plaintiff "makes no effort to identify any sort of error, misconception, or misunderstanding as to . . . [Officer Clabough's] identity." *See Zakora*, 44 F.4th at 482.

Instead, this is a case where Plaintiff seeks to add Officer Clabough in his individual capacity as a new party for the first time in the Second Amended Complaint. "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement" of Rule 15. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citations omitted); *see also Rayfield v. City of Grand Rapids, Mich.*, 768 F. App'x 495, 502 (6th Cir. 2019).

Plaintiff argues that the Complaint contained a "misnomer in the caption only" and that "[a] reasonable reading" of the Complaint "identifies the 'Parties' to include . . . Jacob Clabough

individually" [Doc. 39 at 1-2]. This is inaccurate. The Complaint referenced only one defendant in the introduction, named only one defendant as a party, identified only one defendant in the substantive counts, sought damages from only one defendant, and requested relief from only one defendant [*See generally* Doc. 1]. That Party was the State of Tennessee [*See id.*]. To be sure, the Complaint identifies Officer Clabough as the THP officer responsible for the action about which Plaintiff complains [*See, e.g.*, Doc. 1 at 2-4]. But nowhere in the Complaint does Plaintiff identify Officer Clabough as a defendant or suggest that he would be personally liable in his individual capacity for a potential judgment [*See* Doc. 1]. *See Lovelace*, 985 F.2d at 850 (denying relation back where the initial complaint gave defendant "no reason to believe that he would be held personally liable or that his personal assets were at stake"). As such, the allegations "affirmatively show" that the federal claims against Officer Clabough in his individual capacity are "time-barred." *See Cataldo*, 676 F.3d at 547. Because those claims are time-barred, the Second Amended Complaint fails to state a claim. And the Court dismisses the federal claims against Defendant Clabough in his individual capacity with prejudice.

**C. The Court Declines To Exercise Supplemental Jurisdiction Over The State Law Claims.**

Finally, "[a] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Burnett v. Griffith*, 33 F.4th 907, 915 (6th Cir. 2022) (quoting *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014)). Because the Court dismisses Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over his remaining state law claims. *See id.*; *see also* 28 U.S.C. § 1367(c)(3). Because the dismissal does not go to the merits of these claims, the Court dismisses them without prejudice. *See Costello v. United States*, 365 U.S. 265, 285-86 (1961).

### III. Conclusion

As set forth above, the Court **GRANTS** (1) the "Motion to Dismiss" filed by Defendants State of Tennessee, Tennessee Department of Safety and Homeland Security, and Jacob Clabough in his official capacity [Doc. 25]; and (2) the "Motion to Dismiss Second Amendment Complaint" filed by Jacob Clabough in his individual capacity [Doc. 32]. No claims remain in this action. An appropriate judgment shall enter.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge